IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIANA LINDEMAN,

                    ORDER

          Plaintiff,

                    14-cv-435-bbc

     v.

MT. OLYMPUS ENTERPRISES, INC.,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Diana Lindeman is suing defendant Mt. Olympus Enterprises, Inc. for injuries she says she sustained while riding on a roller coaster that defendant owns and operates.  Defendant has filed a motion for summary judgment, dkt. #13, which the parties have finished briefing.

     As a basis for jurisdiction, plaintiff relies on 28 U.S.C. § 1332, which requires a showing that plaintiff and defendant are citizens of different states and that the amount in controversy is greater than $75,000.  Even if the parties do not dispute jurisdiction, the court has an independent obligation to insure that it has the authority to hear the case.  McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

     In this case, plaintiff alleges that she suffered from painful spinal fractures, which caused her to incur medical costs, so it is reasonable to infer that plaintiff has satisfied the amount in controversy.  However, with respect to citizenship, the only document the parties

1

cite is plaintiff's complaint, in which plaintiff alleges without explanation that she is a citizen of Indiana and defendant is a citizen of Wisconsin.  She does not say that Indiana is the state where she lives and intends to remain for the foreseeable future and she does not identify the state where defendant is incorporated or the state where defendant's principal place of business is located. Heinen v. Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012) (individual's citizenship is determined by her "domicile," which is "the state in which [she] intends to live over the long run"); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) (corporation is citizen of its state of incorporation and state where its principal place of business is located).

Even if I overlooked the conclusory nature of plaintiff's allegations, allegations in a complaint are not admissible in the context of a motion for summary judgment.  Brown v. Advocate South Suburban Hospital, 700 F.3d 1101, 1104-05 (7th Cir. 2012).  Although a defendant's admissions in the answer may be admissible evidence, Solon v. Gary Community School Corp., 180 F.3d 844, 858 (7th Cir. 1999), in this case defendant did not admit the parties' citizenship in its answer.  Rather, defendant admitted the parties' "residency," dkt. #11 at ¶ 2, which is not the same thing as citizenship, something that the Court of Appeals for the Seventh Circuit has emphasized in many opinions.  In re Sprint Nextel Corp., 593 F.3d 669, 673-74 (7th Cir. 2010) ("[B]eing a resident isn't the same thing as being a citizen, that is to say, a domiciliary.").  See also Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998).

Until the questions about jurisdiction are resolved, I cannot resolve defendant's summary judgment motion.  Because plaintiff filed the case in this court, it is her burden to prove that subject matter jurisdiction is present.  <u>Smart v. Local 702 International Brotherhood of Electrical Workers</u>, 562 F.3d 798, 802-03 (7th Cir. 2009).  Accordingly, I will give her an opportunity to supplement the record with evidence of the parties' citizenship.  Defendant is free to submit evidence as well if it wishes to do so.  However, if neither party is able to prove diversity of citizenship, I will dismiss the case for lack of jurisdiction.

ORDER

IT IS ORDERED that plaintiff Diana Lindeman may have until August 10, 2015, to supplement the record with evidence of the parties' citizenship under 28 U.S.C. § 1332.  If neither party responds by that date, I will dismiss the case for lack of subject jurisdiction.

Entered this 3d day of August, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

3