IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIANA LINDEMAN,

                                                 OPINION AND ORDER

        Plaintiff,

                                                     14-cv-435-bbc

   v.

MT. OLYMPUS ENTERPRISES, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In June 2011, plaintiff Diana Lindeman visited Mt. Olympus Water and Theme Park, which is located in the Wisconsin Dells and is owned by defendant Mt. Olympus Enterprises, Inc. While there, plaintiff rode a wooden roller coaster called Hades. In this lawsuit brought under state law, plaintiff alleges that she suffered spinal fractures as a result of that ride and defendant's negligence. Defendant has filed a motion for summary judgment, dkt. #13, which the parties have finished briefing.

In an order dated August 3, 2015, I noted that the parties had cited to the complaint in their summary judgment materials to establish diversity of citizenship under 28 U.S.C. § 1332. Dft.'s PFOF ¶ 2, dkt. #15 (citing Am. Cpt. ¶ 2, dkt. #10). Because allegations in a complaint are not admissible in the context of a motion for summary judgment, <u>Brown v. Advocate South Suburban Hospital</u>, 700 F.3d 1101, 1104-05 (7th Cir. 2012), I asked the parties to file supplemental materials. In response, plaintiff has filed a motion for

1

clarification, dkt. #36, in which she points to affidavits filed previously by her and Nickolaos Laskaris, a shareholder and officer for defendant. Dkt. #4. These affidavits show that plaintiff is a citizen of Indiana and defendant is a citizen of Wisconsin. As I stated in the August 3 order, it is also reasonable to infer that the amount in controversy is more than $75,000, so I conclude that subject matter jurisdiction is present under § 1332.

The sole question raised by defendant's summary judgment motion is whether plaintiff needs an expert to show that her injuries were caused by the failure of defendants' staff to restrain her properly. Because I am not persuaded that expert testimony is required in this case, I am denying defendant's motion.


OPINION

The parties assume that Wisconsin law applies to plaintiff's claim, so I will do the same. FutureSource LLC v. Reuters Ltd., 312 F.3d 281, 283 (7th Cir. 2002). Under Wisconsin law, a party asserting a claim for negligence must prove that the defendant breached a duty of care that it had to the plaintiff and that the defendant's breach was a substantial factor in causing an injury to plaintiff. Nieuwendorp v. American Family Insurance Co., 191 Wis. 2d 462, 475, 529 N.W.2d 594, 599 (1995). In this case, defendant is not disputing for the purpose of its motion for summary judgment that plaintiff can prove that defendant had a duty to properly restrain her, that defendant breached that duty and that plaintiff suffered injuries. Rather, defendant is arguing only that plaintiff has failed to prove that any negligence by defendant in properly restraining her was a substantial

factor in causing her injuries.

Plaintiff's evidence of causation is her own testimony, the testimony of her son (who was riding with her) and the testimony of her physician, Mark Chang. Plaintiff and her son testified that plaintiff was unable to properly secure the restraints in her car, dkt. #18 at 52, 57; dkt. #19 at 43, and that her son tried to get the attention of park staff but was unsuccessful, dkt. #18 at 66; dkt. #19 at 55.

After the ride started, the restraints were so loose that plaintiff "felt like she was going to flip out of the roller coaster." Dkt. #18 at 69. She "used . . . every ounce of [her] muscle just to hold [her] body in" the car. Id. at 70. Although she had been on a number of other roller coasters in the past (including one earlier the same day), id. at 28-32, she "never held onto a ride like that," id. at 70. She "was almost hanging over the front of the bar." Id. at 91. She felt like she was "airborne." Id. at 94.

At the bottom of the first hill, plaintiff "fl[ew] back" or "slamm[ed] back" against the car. Id. at 70, 91. She heard a "loud pop" and experienced a "fiery burning feeling" that "spread all throughout [her] whole middle section." Id. Throughout the rest of the ride, plaintiff was "trying to hold on as much as" she could, but her "hips [were] getting slammed to the side." Id. After the ride, plaintiff was in great pain. Id. at 87, 96. Park staff assisted plaintiff back to her hotel room and plaintiff's husband took her to the hospital. Id. at 98.

Chang testified that plaintiff's medical records did not indicate any history of midback or lower back pain before her visit to defendant's park. Dkt. #23 at 19. Plaintiff now has a spinal deformity caused by a compression fracture. Id. at 50-52. Her fracture is

3

consistent with a traumatic injury such as the one she described on the roller coaster. Id. at 61.

Defendant does not challenge any of this testimony, but defendant says that plaintiff needs an expert to prove that the lack of proper restraints contributed to her injuries. However, Wisconsin courts do not require expert testimony to prove causation in all cases. Rather, the Wisconsin Supreme Court has stated that "the requirement of expert testimony is an extraordinary one" and that expert testimony is required "only when the issues before the jury are unusually complex or esoteric." State v. Kandutsch, 2011 WI 78, ¶¶ 28-29, 336 Wis. 2d 478, 491-92, 799 N.W.2d 865, 872 (internal quotations omitted). Stated another way, expert testimony is not required if "an issue can be determined by common knowledge." Id. (internal quotations omitted).

Defendant says that plaintiff needs an expert to help the jury "understand[] . . . the physical forces involved in a roller coaster ride and the manner in which the human body responds to such forces. . . A jury of lay people is ill equipped to shift through the myriad of scientific data that need to be developed, the calculations necessary to draw scientific conclusion from or the basic bioengineering principles from which to draw credible conclusions." Dft.'s Br., dkt. #14, at 16-17. However, I believe that defendant is overstating the complexity of the issues in this case.

Plaintiff is competent to testify that the restraints on the roller coaster were not secure (particularly because she had been on a number of roller coasters previously), that the lack of proper restraint was causing her to be jostled excessively and that she felt severe pain

4

when she was thrown to the back of the car as a result of the lack of proper restraints. Further, her physician can testify that the injuries from which she suffers now are consistent with plaintiff's description of her experience on the roller coaster.

Of course, plaintiff's claim might be strengthened by expert testimony explaining the science behind her experience, but I am not persuaded that expert testimony is required. Wisconsin courts have declined to require expert testimony in other cases involving situations of similar complexity, including other cases involving the effect of restraints, even when expert testimony could have been useful. Kandutsch, 2011 WI 78 at ¶ 40 (expert testimony not required to show accuracy and reliability of computer-generated report derived from electronic monitoring device regarding time defendant went out of range of monitoring system); White v. Leeder, 149 Wis. 2d 948, 960, 440 N.W.2d 557 (1989) (in negligence case involving attack by bull, expert testimony not needed to show that "ringing" bull and placing chain in its nose would have made animal more docile and less likely to attack); Kujawski v. Arbor View Health Care Center, 139 Wis. 2d 455, 468, 407 N.W.2d 249 (1987) (expert testimony not necessary to determine whether nursing home was negligent for failing to secure patient in her wheel chair); Cramer v. Theda Clark Memorial Hospital, 45 Wis. 2d 147, 153-54, 172 N.W.2d 427, 430 (1969) ("[A]llegations concerning negligence in leaving [the plaintiff] unattended and under inadequate restraint and removing the cloth restraint of one hand in order to allow him to feed himself are matters of routine care and do not require expert testimony."); Bruss v. Milwaukee Sporting Goods Co., 34 Wis. 2d 688, 696, 150 N.W.2d 337, 341 (1967) (no expert testimony needed to show that

defendant's failure to maintain bleachers was cause of their collapse).

Defendant also says that expert testimony is needed because "there are other explanations beyond the Park's alleged negligence as to why Ms. Lindeman may have sustained a compression fracture." Dft.'s Br., dkt. #14, at 16-17. However, the only alternative explanation defendant identifies is plaintiff's osteopenia, a condition of low bone density. Dft.'s PFOF ¶ 40, dkt. #15. It may be that plaintiff's bone condition made her more susceptible to injury, but it is well established in Wisconsin that "you take your victim as you find him," or, in other words, that a defendant cannot avoid liability for its own tortious conduct simply by pointing to a preexisting condition that may have contributed to the harm. Stoleson v. United States, 708 F.2d 1217, 1221 (7th Cir. 1983) (citing Vosburg v. Putney, 80 Wis. 523, 50 N.W. 403 (1891) (defendant who kicked plaintiff could not avoid liability because plaintiff suffered from an infection in his tibia that aggravated his injury)). See also Anderson v. Milwaukee Insurance, 161 Wis. 2d 766, 770-72, 468 N.W.2d 766, 768-69 (Ct. App. 1991) ("Wisconsin law does not support the proposition that when the injuries from an accident are the same as the injuries that may inevitably occur due to a pre-existing condition, the injuries from the accident are completely uncompensable.").

In any event, plaintiff does not to have to prove that defendant's negligence was the only factor that caused her injuries or even the primary factor. Schnabl v. Ford Motor Co., 54 Wis. 2d 345, 353-54, 195 N.W.2d 602, 607 (1972). Rather, a "substantial factor" is sufficient, id., which means that plaintiff does not have to rule out all other potential causes.

Finally, defendant says that Wisconsin case law requires this court to find as a matter

of law that an expert is needed in any case that is about the effect of restraints. Defendant does not address the cases in which a Wisconsin court declined to require an expert to give an opinion about the effect of restraints and it does not cite any case law addressing this issue in the context of roller coasters. Instead , defendant relies on Holbach v. Classified Insurance Corp., 155 Wis. 2d 412, 413, 455 N.W.2d 260, 261 (Ct. App. 1990), a case involving a car accident. In that type of case, if the plaintiff proves that the defendant was driving negligently, the defendant may try to reduce his damages by up to 15 percent by proving that the plaintiff was not wearing her seatbelt and that the lack of a seatbelt contributed to her injuries. Wis. Stat. § 347.48(2m)(g); Gaertner v. Holcka, 219 Wis. 2d 436, 450-51, 580 N.W.2d 271, 277 (1998). In Holbach, 155 Wis. 2d at 414, 455 N.W.2d at 261, the court concluded that the defendant could not prove her defense simply with the plaintiff's testimony that she was not wearing a seat belt and that she "probably" hit her head on the windshield, even though she did not remember doing so.

Defendant construes Holbach as standing for the proposition that expert testimony is needed in any case involving safety restraints, but defendant overlooks two cases decided after Holbach in which the Wisconsin Supreme Court and the Wisconsin Court of Appeals upheld decisions not to require expert testimony in the context of the seat belt defense. Lukowski v. Dankert, 184 Wis. 2d 142, 154, 515 N.W.2d 883, 888 (1994); Wingad v. John Deere & Co., 187 Wis. 2d 441, 456-57, 523 N.W.2d 274, 280 (Ct. App. 1994). Although both Lukowski and Wingad involved individuals who were ejected from their vehicles, those decisions support the view that each case must be viewed on its own facts. Because

Wisconsin courts have not interpreted Holbach as imposing a rigid rule even in the context of the seatbelt defense, I see no reason to interpret the case more expansively in a different context involving a different burden of proof. Rather, I will follow the more general rule that an expert is not needed if the issue can be determined by common experience. Because I conclude that plaintiff is qualified to testify by her own experience, I am denying defendant's motion for summary judgment.

Before closing, I address one final issue regarding the scope of plaintiff's claims. In her amended complaint, plaintiff lists several different ways that she believes that defendant was negligent, including not only a failure to secure her restraints but also a failure to warn her about the dangers of the ride, a failure to perform maintenance on the ride and a failure to comply with safety regulations. In its motion for summary judgment, defendant discusses only the failure to properly restrain plaintiff during the ride. In her opposition brief, plaintiff seems to agree with defendant's assumption about the scope of her lawsuit. Plt.'s Br., dkt. #24, at 1 ("Diana's claim is that the defendant did not use the existing and properly designed restraints to restrain her in her coaster car before launching the train down the tracks."). She discusses an alleged failure to warn as well, id. at 8, but she does not develop an argument under that theory and she does not directly challenge defendant's understanding regarding the scope of her lawsuit, so it may be that she has abandoned the other theories listed in her complaint.

The general rule is that a court should not address issues not raised in a motion for summary judgment. United States v. King-Vassel, 728 F.3d 707, 716 (7th Cir. 2013).

8

However, it is important to determine before trial the issues to be tried. Accordingly, I am giving both sides an opportunity to inform the court in writing whether they believe that plaintiff is proceeding on any theories other than defendant's alleged negligence in securing the restraints.

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by Defendant Mt. Olympus Enterprises, Inc., dkt. #13, is DENIED.

2. Plaintiff Diana Lindeman's motion for clarification, dkt. #36, is DENIED as unnecessary.

3. The parties may have until August 26, 2015, to inform the court in writing whether they believe that plaintiff Diana Lindeman is proceeding on any theories other than negligence in securing the restraints on plaintiff's car. They may have until September 2, 2015, to file responses to the other side's submissions. If the parties do not respond by August 26, 2015, I will assume that plaintiff is proceeding only on a negligent restraint claim.

Entered this 12th day of August, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge