IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIANA LINDEMAN,

                Plaintiff,

    v.

MT. OLYMPUS ENTERPRISES, INC.,

                Defendant.

ORDER

14-cv-435-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated August 12, 2015, dkt. #38, I denied defendant Mt. Olympus Enterprises, Inc.'s motion for summary judgment on plaintiff Diana Lindeman's claim that defendant acted negligently by failing to restrain her properly on a roller coaster ride owned and operated by defendant at an amusement park in the Wisconsin Dells.  However, when reviewing plaintiff's complaint, I noticed that defendant's motion did not encompass a number of other theories raised in the complaint, such as an alleged failure by defendant to warn plaintiff about the dangers of the ride, a failure to perform maintenance on the ride and a failure to comply with safety regulations.  To clarify which issues remained to be tried, I asked the parties to submit supplemental materials addressing the question of which issues remained in the case.

      In response, plaintiff says that she intends to assert all the theories in her complaint, but she does not provide any other explanation regarding the scope of these other claims or

1

the evidence she has to prove them. Defendant argues that plaintiff should be limited to presenting a theory that defendant "was negligent in its operation of the roller coaster cart," but it does not cite any relevant authority in support of that view and it does not develop an argument that plaintiff abandoned the other theories in her complaint. Because defendant did not file a motion for summary judgment on any of those theories, I am not aware of any authority for precluding plaintiff from proceeding on the other theories. Defendant says that the other theories should be barred under Fed. R. Evid. 403 because they could confuse the jury, but this argument is circular because it is premised on the assumption that plaintiff is proceeding on only one theory. Further, defendant cites no authority to support the view that a court may rely on Rule 403 to dismiss an entire claim from the case.

That being said, defendant has raised understandable concerns that plaintiff has not sufficiently articulated the scope of her other claims, much less cited any evidence to support those claims. To avoid confusing the jury at trial, plaintiff will have to provide proposed jury instructions and separate special verdict questions that adequately explain *each* theory she is asserting. If she fails to do that, she may forfeit her right to present those theories to the jury. In addition, because plaintiff has not fleshed out the scope of her theories or the evidence she has to support them, it makes sense to require the parties to submit trial briefs that address those issues. If plaintiff has difficulty with any of these requirements, she should consider withdrawing any claims that she knows will not be able to survive a motion for judgment as a matter of law.

ORDER

IT IS ORDERED that plaintiff Diana Lindeman may have until October 5, 2015, to file a trial brief in which she explains the scope of all the theories that she intends to assert at trial and summarizes how she intends to prove each of those theories at trial. Defendant Mt. Olympus Enterprises, Inc. may have until October 16, 2015 to file a response.

Entered this 24th day of September, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge